CHARLES ROMAN and C. H. KERNION *v.* L. E. & F. J. FORSTALL.

Defendants opposed a rule taken to homologate the report of auditors. The Court decreed that the sale be made absolute, and that the report of the auditors "be homologated and adopted as the basis of the judgment of the Court in the premises." *Held:* That defendants had a right after the decree homologating the report of the auditors, to have the cause set down for trial on the merits. The judgment was not final; it was irregular in the Judge to sign it, but being merely interlocutory, the appeal was premature.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J. *Roselius*, for plaintiffs. *Hunton & Bradford*, for defendants and appellants.

OGDEN, J. This case was referred to auditors to settle between the partners, the affairs of the commercial firm of *Roman, Forstall & Co.*, of which the plaintiffs and defendants were the members. On the report of the auditors being made and returned into Court, and a rule taken by the plaintiffs to have it homologated, the defendants filed an opposition setting forth various grounds of special exception to the report, all of which, on the trial of the rule, were decided adversely to the defendants, and the Court proceeded to homologate the report of the auditors. The decree is in the following words: "For the reasons this day filed, it is adjudged and decreed, that the rule taken herein by the plaintiffs be made absolute, and that the report of the auditors of accounts herein filed on the 26th of March, 1851, be homologated and adopted as the basis of the judgment of the Court in the premises." The first question presented for our consideration by the defendants who have appealed from the judgment as above rendered, is, whether it was competent for the Court below to render a final judgment in that manner on a rule to homologate the report of the auditors.

We are of opinion that there was no final judgment rendered in the cause; that the defendants had a right after the decree or order homologating the report of the auditors, to have the cause set down for trial on the merits; and it does not appear from the record, that the Court below refused any motion on application to that effect. Not being a final judgment in the case, it was irregular in the Judge to sign the decree, but considering it as we do merely interlocutory, and having only the effect of homologating the report of the auditors, we cannot take jurisdiction of the appeal which is premature.

It is therefore ordered, adjudged and decreed, that the appeal be dismissed at the costs of the appellants.